**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JABRIL CALDWELL-PARKER,

　　　　　Plaintiff-Appellant,

　v.

SURPRISE POLICE DEPARTMENT,
government entity; TERRI CALABRESE-
KOPRONICA, Sgt., supervised unit;
TRINITEE SAPP, customer service
representative; T. M. KNIGHT, officer,
police official; J. W. ANDERSON, officer,
police official,

　　　　　Defendants-Appellees.

No.　22-17010

D.C. No. 2:21-cv-01088-DWL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 12, 2024[**]

Before:　FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Jabril Caldwell-Parker appeals from the district court's grant of summary judgment in favor of the defendants in his civil rights action arising out of his arrest by the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022), and affirm.

Summary judgment was proper on the Fifth Amendment due process claim because the defendants are local officials. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (explaining that the Fifth Amendment Due Process Clause applies to federal officials).

The district court properly held that plaintiff could not state an Eighth Amendment claim because he was not a convicted prisoner at the time of his arrest. *See Hughes*, 31 F.4th at 1220-21 (holding that the Fourth Amendment standard applies to free citizens, while the Eighth Amendment standard applies to convicted prisoners, whether those prisoners are incarcerated or have escaped).

Summary judgment was proper on the Fourth Amendment unlawful arrest claim because the undisputed facts established that the defendants had probable cause to arrest plaintiff. Under the totality of the circumstances known to the defendants, an objectively reasonable officer would have believed that plaintiff had committed the crime of disturbing the peace by yelling at the victim and spraying

her with the water hose in the presence of his family and neighbors. *See Dist. of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018) (setting forth the requirements for probable cause); A.R.S. § 13-2904(A)(1) (setting forth the elements of the crime).

The district court properly granted summary judgment on the Fourth Amendment excessive force claim because plaintiff cannot establish that his constitutional rights were violated. Under the totality of the circumstances, particularly the difficulty that the officers had handcuffing plaintiff and getting him into the patrol vehicle, a reasonable officer could have believed that a minimal amount of force and an implied threat of force were necessary to get plaintiff into the vehicle and onto the back seat of that vehicle. *See Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012) (explaining that "[e]ven passive resistance may support the use of some degree of governmental force if necessary to attain compliance").

We decline to consider claims waived in the opening brief. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). Nor do we consider the district court's alternative ruling that the Fourth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The pending motions (Dkt. Entry Nos. 20, 21, 23, 24) are denied as moot.

**AFFIRMED.**

3